**In re: Alexander Blanco KITANO, Petitioner.**

**No. 05–4110.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Sept. 29, 2005.

Decided Dec. 8, 2005.

Alexander Blanco Kitano, Lewisburg, PA, pro se.

Michael J. Butler, Office of United States Attorney, Harrisburg, PA, for Respondent.

Before ROTH, BARRY and SMITH, Circuit Judges.

## OPINION

### PER CURIAM

Alexander Kitano, an inmate at USP–Lewisburg, asks that we issue a writ of mandamus ordering the District Court to rule on his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have

jurisdiction under 28 U.S.C. § 1651(a), and will deny the petition.

In 1987, Kitano pled guilty to the first-degree murder of a prison guard at a Guam territorial prison. He was sentenced to life imprisonment with eligibility for parole in fifteen years. The Guam Parole Board denied parole in 2002 and again in 2003. Kitano eventually filed a petition for a writ of mandamus in the Guam Supreme Court, which has yet to issue a ruling. Despite the ongoing proceedings in Guam, on January 24, 2005, he filed a § 2254 petition in the District Court for the Middle District of Pennsylvania seeking habeas relief for alleged procedural due process violations and the improper imposition of a "public safety factor" prisoner classification. A response was filed on March 30, 2005. Kitano responded on April 12. The District Court has not yet ruled on the petition. On September 6, 2005, Kitano filed the instant request for mandamus relief arguing that the District Court is unjustifiably delinquent in issuing a ruling.

Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. *In re Nwanze*, 242 F.3d 521, 524 (3d Cir.2001). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a clear and indisputable right to issuance of the writ. *Id.* (quoting *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir.1996)).

While some delays may be so prejudicial that they warrant mandamus relief, *see Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.1990); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir.1978), we do not find the five-month delay at issue here to be so prejudicial that an issuance of the writ is warranted. Accordingly, we will deny Kitano's petition for a writ of mandamus.